**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA SAC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL COMMUNICATIONS<br>COMMISSION (FCC) & VERIZON<br>COMMUNICATIONS INC.,<br><br>Defendants. | Civil Action No. 24-7294 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon Defendant Verizon Communications Inc.'s ("Verizon") Motion to Dismiss ("Def. Mot.," ECF No. 40) *pro se* Plaintiff Anna Sac's ("Plaintiff" or "Sac") Complaint ("Compl.," ECF No. 1) raising claims against Defendants Verizon and Federal Communications Commission ("FCC") (collectively, "Defendants"). Plaintiff opposed the motion and requested additional relief. ("Pl. Opp.," ECF No. 43.) Verizon replied. (ECF No. 41.) Plaintiff requested additional time to file a reply, and the Court denied the motion because Plaintiff was not entitled to file an additional brief. (ECF No. 45.) Plaintiff sought reconsideration of that denial (ECF No. 46), Verizon opposed (ECF No. 48), Plaintiff filed a "Motion for Reconsideration in Response" (ECF No. 50 (capitalization altered)), and Verizon again opposed (ECF No. 51). Plaintiff then resubmitted her "Motion for Reconsideration in Response" alongside additional exhibits. (ECF No. 54.) Having considered the parties' submissions, the Court resolves the pending Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED** for failure to adequately plead jurisdiction under Federal Rule of Civil Procedure 8(a)(1), and the pending motions are **DENIED** as moot.

I.    **BACKGROUND**

Plaintiff filed her three-page Complaint on June 26, 2024. She alleges that "[o]n or about June 26, 2022, [she] was exposed to an excessively high Wi-Fi signal in her home, emanating from equipment installed and maintained by Defendant Verizon and regulated by Defendant Federal Communications Commission." (Compl. ¶ 7.) She alleges that this injured her auditory nerve and caused persistent tinnitus. (*Id.* ¶ 8.) She further alleges that Defendants owed her a duty of care, that they breached that duty of care by allowing the "excessively high Wi-Fi signal," and that this caused her "personal injuries, pain and suffering, emotional distress, and other damages." (*Id.* ¶¶ 9–11.)

Plaintiff's filings in this case have been improper and unrelenting. Due to the volume of filings, the Honorable Tonianne J. Bongiovanni, U.S.M.J., ordered the parties "to refrain from filing additional letters on the docket without prior approval from the Court." (ECF No. 24.) Plaintiff has not always complied with this. (*See* ECF No. 27.) Judge Bongiovanni also ordered Plaintiff to seek the Court's permission before filing substantive motions. (ECF No. 47.)

Verizon moved to dismiss Plaintiff's Complaint solely on the basis that her suit is preempted by federal law. (Def. Mot. at 3–5.) Plaintiff responded by filing a "Cross-Motion in Opposition to Defendant Verizon's Motion to Dismiss." (Pl. Opp. at 1 (capitalization altered).) The "cross-motion" primarily opposed Verizon's motion to dismiss, but it also requested additional relief related to discovery and Plaintiff's desire to amend her complaint. (*Id.* at 14.) Verizon replied. (ECF No. 41.) Plaintiff then sought an extension of time to file a reply brief. (*See* ECF No. 45 (discussing this request).) Reasoning that that Plaintiff was not entitled to file a reply brief in support of her "cross-motion" or a sur-reply in opposition to Verizon's motion, the Court denied the requested extension and explained that the motions were fully briefed. (ECF No. 45);

2

Local Civ. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned."); Local Civ. R. 7.1(h) ("No reply brief in support of the cross-motion shall be served and filed without leave of the assigned Judge."). Plaintiff filed a motion for reconsideration of the Court's order. (ECF No. 46.) Verizon opposed. (ECF No. 48.) Plaintiff sought leave to file a reply brief (ECF No. 49) and, on the very same day, filed a "Motion for Reconsideration in Response to Defendant Verizon's Opposition and Request to Supplement Record" (ECF No. 50 (capitalization altered)). Verizon again opposed. (ECF No. 51.) Plaintiff then resubmitted her "Motion for Reconsideration in Response" alongside additional exhibits. (ECF No. 54.) The exhibits included excerpts from print media allegedly showing "the use of coded language, symbolic imagery, strategic layout designs, and encrypted messaging." (ECF No. 54-1 at 2.)

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 8 requires a complaint to set forth "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). As is relevant here, "[a] District Court's jurisdiction may be based on the presentation of a federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332(a)." *Walthour v. City of Phila.*, 852 F. App'x 637, 638 (3d Cir. 2021) (per curiam). A District Court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and diversity jurisdiction "where the matter in controversy exceeds . . . $75,000" and the action involves "citizens of different states," 28 U.S.C. § 1332(a). "A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8 . . . ." *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d. Cir. 2012) (per curiam). Additionally, "courts have an independent obligation to satisfy themselves of jurisdiction." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir.

3

2003). Under that "continuing obligation," courts "can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see* Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

Federal Courts are courts of limited subject matter jurisdiction, and the party asserting federal jurisdiction has "the burden of establishing" it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Plaintiff has not adequately pleaded that her Complaint falls within the Court's limited subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Plaintiff's singular allegation related to subject matter jurisdiction is: "[j]urisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 as this action involves a federal question." (Compl. ¶ 2.) However, her Complaint only alleges that Verizon and the FCC breached a duty of care causing her personal injuries. These are quintessential negligence claims, and such claims typically raise questions of state—not federal—law and do not support federal question jurisdiction. *Ben-Haim v. Avraham*, No. 15-6669, 2016 WL 4621190, at *3 (D.N.J. Sept. 6, 2016) ("A federal district court does not have federal question jurisdiction over state law torts."). In fact, Plaintiff describes her own claims as "squarely within the domain of state tort law." (Pl. Opp. 10.)

Construing Plaintiff's complaint liberally given her *pro se* status, the Court recognizes that one potential hook for jurisdiction might be the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*, which allows private plaintiffs to sue the United States government for state tort claims. Here, as to Defendant FCC (a federal agency), Plaintiff could *only* bring state tort claims pursuant to the FTCA. Indeed, under the doctrine of sovereign immunity, the United States and its agencies may not be sued without the consent of the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts . . . ." *United*

4

*States v. Orleans*, 425 U.S. 807, 813 (1976). Importantly, "[t]he FTCA is the *exclusive* waiver of sovereign immunity for actions sounding in tort against the United States [and] its agencies." *Dupont v. United States*, 197 F. Supp. 3d 678, 684 (D.N.J. 2016) (emphasis added). Therefore, the United States and its agencies (like the FCC) are immune from tort suits otherwise.

Federal district courts, not state courts, have jurisdiction over claims brought pursuant to the FTCA. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 192–93 (3d Cir. 2009); 28 U.S.C. § 1346(b)(1).[1] However, it appears that there is no FTCA federal question jurisdiction here. Before bringing a claim under the FTCA, a claimant must first "present[] the claim to the appropriate Federal agency." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (quoting 28 U.S.C. § 2675(a)). This is known as the FTCA's "exhaustion requirement." *Id.* at 363. The failure to satisfy the exhaustion requirement is "jurisdictional," meaning it deprives the district court of jurisdiction to hear the case. *Id.* at 362; *see Abulkhair v. Bush*, 413 F. App'x 502, 506 (3d Cir. 2011) (citing *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456–58 (3d Cir. 2010)). "A plaintiff 'must . . . plead administrative exhaustion in an FTCA case.'" *Guilford v. FCI Williamsburg*, No. 22-1945, 2022 WL 2192945, at *2 (E.D. Pa. June 16, 2022) (alteration in original) (quoting *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011)). Here, Sac has not pleaded that she exhausted her administrative remedies. A failure to plead exhaustion requires the Court to dismiss under Rule 8(a)(1).[2] *See Stone v. Internal Revenue Serv.*, No. 99-3886, 1999 WL 624511, at *1 (E.D. Pa. Aug. 11, 1999); *Colbert*, 831 F. Supp. 2d at 243. Plaintiff having failed to adequately

---

[1] If the Court does have jurisdiction over the claims against the FCC pursuant to the FTCA, then the Court could potentially have supplemental jurisdiction over any attendant state law claims against Verizon. *See* 28 U.S.C. § 1367(a); *Young v. United States*, 190 F. Supp. 3d 378, 381 (D.N.J. 2016). The Court is not prejudging whether it *would* have supplemental jurisdiction in such a scenario.

[2] Additionally, an FTCA claim must be brought against United States itself, not a federal agency such as the FCC. *Priovolos v. F.B.I.*, 632 F. App'x 58, 60 (3d Cir. 2015) (per curiam); *Meyer*, 510 U.S. at 475. This defect, too, is jurisdictional. *Priovolos*, 632 F. App'x at 60. However, it can be cured by amendment. *Id.*

plead subject matter jurisdiction, the Court is compelled to **DISMISS** Plaintiff's Complaint.[3]

It seems possible that the jurisdictional defect may be remedied by amendment.[4] Accordingly, Plaintiff will be granted limited leave to file an amended complaint solely to address the jurisdictional defect. *See Gardner v. Great Plains Oilfield Rental, LLC*, No. 15-331, 2015 WL 4232587, at *2 (M.D. Pa. July 13, 2015) ("[A]s the United States Court of Appeals for the Third Circuit has repeatedly recognized, federal courts should permit amendment of a complaint when a defective jurisdictional allegation may be remedied." (citing *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 427 (3d. Cir. 1987))). Plaintiff may not make any amendments to her Complaint unrelated to this Court's jurisdiction absent permission from the Court. *See Fedder v. Kester*, No. 24-462, 2025 WL 343611, at *4 (D. Del. Jan. 30, 2025) ("Plaintiff may only amend the allegations in the Complaint to remedy the above-discussed deficiencies.").

**THEREFORE**, it is on this 27th day of October, 2025, **ORDERED** that:

I.      Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice;

II.     The Clerk's Office is directed to **CLOSE** this case;

III.    Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint adequately pleading jurisdiction. Amendments to the Complaint shall ONLY address the Court's jurisdiction;

IV.     Upon receipt of an amended complaint, the Clerk will be directed to reopen this case;

---

[3] Because this Court dismisses the Complaint, the pending motions are **DENIED** as moot. *See Dickson v. Noble House Hotels & Resorts*, No. 14-1778, 2014 WL 4493725, at *4 (E.D. Pa. Sept. 10, 2014).

[4] While Plaintiff has only asserted federal question jurisdiction, the Court, as a courtesy to Plaintiff given her status as a *pro se* litigant, notes that it appears that an attempt to plead diversity jurisdiction would be problematic. *See Young v. Verizon's Bell Atl. Cash Balance Plan*, 667 F. Supp. 2d 850, 859–60 (N.D. Ill. 2009) ("Verizon Communications, Inc. . . . is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey."), *aff'd*, 615 F.3d 808 (7th Cir. 2010); *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419 ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." (citing 28 U.S.C. § 1332(c))).

V.    The motions currently pending at ECF Nos. 40, 43, 46, 50, and 54 are **DENIED** as

moot; and

VI.    The Clerk's Office is directed to **TERMINATE** the motions pending at ECF Nos. 40,

43, 46, 50, and 54.

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

7